UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-4083 PA (PJWx) | Date | June 8, 2017 |
|---|---|---|---|
| Title | Sergio Aguila v. Safeway, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Safeway, Inc. and the Vons Companies, Inc. (collectively "Defendants") on June 1, 2017. (Docket No. 1 ("NOR").) Defendants contend that this Court has federal question jurisdiction over the action brought against it by plaintiff Sergio Aguila ("Plaintiff") because Plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.[1]

Plaintiff filed his Complaint in Los Angeles County Superior Court on July 29, 2016, alleging claims for discrimination, harassment, retaliation, failure to prevent discrimination, harassment, and retaliation, failure to provide reasonable accommodations, and failure to engage in a good faith interactive process in violation of Government Code §§ 12940 et seq.; declaratory judgment; and wrongful termination in violation of public policy. (Docket No. 1, Exh. A, Complaint.) According to the Notice of Removal, Plaintiff was subject to a collective bargaining agreement ("CBA") between defendant Vons Companies, Inc. and Local 37 Bakery, Confectionary, Tobacco Workers & Grain Mill Union. (NOR ¶ 9.) Defendants argue that Plaintiff's claims require interpretation of the CBA. (Id. ¶ 12.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. §1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The district court must remand the case if, before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C.

---

[1] The Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte.'" Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-4083 PA (PJWx) | Date | June 8, 2017 |
|---|---|---|---|
| Title | Sergio Aguila v. Safeway, Inc., et al. | | |

§1447(c). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Section 301 of LMRA states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985). This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id.

However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law . . . . Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the pre-emptive effect of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4083 PA (PJWx) | Date | June 8, 2017 |
|---|---|---|---|
| Title | Sergio Aguila v. Safeway, Inc., et al. | | |

> § 301 beyond suits for breach of contract, it would be inconsistent with
> congressional intent under that section to preempt state rules that proscribe
> conduct, or establish rights and obligations, independent of a labor
> contract.

Id. at 211–12, 105 S. Ct. at 1911–12, 85 L. Ed. 2d 206. "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed. 2d 93 (1994).

Therefore, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

Defendants allege that they filed a motion for summary judgment in state court, and that in his opposition, Plaintiff alleges that (1) the CBA is illegal per se, and (2) Defendants' leave policies contravene the CBA. (NOR ¶ 6.) Defendants argue that the CBA will have to be interpreted to determine whether it contains illegal provisions and whether defendant Vons Companies, Inc. was justified in relying on those terms when terminating Plaintiff. (NOR ¶ 12.)

Defendants' allegations are inadequate to establish § 301 preemption. First, Plaintiff's claims are for violations of rights conferred by California state law rather than of rights conferred by the CBA. Second, Defendants have failed to persuade the Court that interpretation of the CBA would be required to resolve Plaintiff's claims. Although reference to the terms of an agreement may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993) ("The Bargaining Agreement may be crystal clear – that all or no employees need such verification forms – but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4083 PA (PJWx) | Date | June 8, 2017 |
|---|---|---|---|
| Title | Sergio Aguila v. Safeway, Inc., et al. | | |

interpreting the meaning of the terms."). Additionally, to the extent that Defendants rely on the CBA to defend against Plaintiff's claims (cf. NOR ¶ 12), such a defense is insufficient to establish LMRA preemption. Detabali, 482 F.3d at 1203 ("If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." (brackets in original) (internal quotation marks omitted)).

Because Plaintiff's claims are not based on a violation of the CBA and interpretation of the terms of the CBA is not necessary to resolve Plaintiff's claims, this Court does not have federal question jurisdiction premised upon § 301 preemption.

Moreover, a notice of removal must be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Here, Defendants attached only the Complaint and the Answer to the Notice of Removal. (See NOR, Exhs. 1 & 2.) It is clear that these do not exhaust "all process, pleadings, and orders served upon [Defendants]," as, at a minimum, Defendants were also served with an opposition to Defendants' motion for summary judgment. (NOR ¶ 5.) Accordingly, the Notice of Removal is procedurally defective.

For the foregoing reasons, the Court concludes that Defendants have not met their burden of establishing that this Court has subject matter jurisdiction over Plaintiff's claims or that removal was procedurally proper. The Court therefore remands this action to Los Angeles County Superior Court, Case No. BC628920. See 28 U.S.C. § 1447(c). The Scheduling Conference calendared for July 17, 2017, is vacated.

IT IS SO ORDERED.